## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHAN PEREZ,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-4562** |
| | : | |
| **CHESTER CI,** | : | |
| **Defendant.** | : | |

## MEMORANDUM

**SÁNCHEZ, C.J.**                                                    **OCTOBER 29, 2020**

Plaintiff Johan Perez, a prisoner incarcerated at SCI Chester, has filed a Complaint against SCI Chester in which he raises claims for deliberate indifference to his medical needs.[1] Perez seeks leave to proceed *in forma pauperis.* For the following reasons, the Court will grant Perez leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend. The Court will also deny Perez's "Motion to Correct Data."

### I.      FACTUAL ALLEGATIONS

Perez's factual allegations are vague but appear to concern events that occurred on or about March 19, 2020 at SCI Chester, when he was taken for a hospital visit for an unspecified medical condition. Perez indicates that when he "arrived from outside [presumably meaning upon his recent incarceration at SCI Chester] nothing was done (medically) except a temperature check" and that "doctor refused to see [him] and [he] was sent back to the unit." (ECF No. 2 at 2-3.)[2] This "inadequacy" allegedly "created health risks" including "exposure to COVID 19,

---

[1] Perez's Complaint names "Chester CI" as the Defendant in the caption in accordance with Federal Rule of Civil Procedure 10(a). Having reviewed the Complaint, the Court understands from context that "Chester CI" refers to SCI Chester, the facility where Perez is incarcerated.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

when [Perez] was sent to an outside hospital." (*Id.* at 3.)  Perez was sent to the "outside hospital"

on March 19, 2020, allegedly without his consent.  (*Id.* at 2.)[3]  The Complaint suggests that

Perez did not receive certain necessary instructions from Dr. Little at SCI Chester prior to his

visit.  (*Id.*)

Perez suggests prison officials are using medical processes as a "mind game" and claims

he is not receiving unspecified medication.  (*Id*. at 3.)  He also alleges he is humiliated in the

presence of other inmates when he is required to remove his dentures to take his medication on

the occasions when the medication is delivered.  (*Id.*)  Perez contends Dr. Little "always has an

attitude, discriminates, and takes [his] pain as a joke."  (*Id.*)  He adds that he is being accused of

"drug seeking behavior" and that no one has answered his sick call slips.  (*Id.*)  Perez also claims

Dr. Little has placed his health and life at risk, and that his therapy was discontinued.  (*Id.*)

Perez does not further describe his medical condition or conditions, the medication he

takes, or the therapy to which he alludes.  Nor is it clear whether Perez contracted COVID-19 or

why he was sent to the hospital.  The Complaint indicates that Perez filed grievances alleging

that medical staff failed to follow proper protocol concerning his hospital visit.  (*Id.* at 4; *see also*

*id.* at 6.)  He indicates his grievances and related appeals were denied.

Perez brings constitutional claims pursuant to 42 U.S.C. § 1983 for deliberate

indifference to his serious medical needs and related negligence claims.[4]  Despite naming only

SCI Chester in the caption of the Complaint, Perez alleges in the body of his Complaint that he

"is suing [SCI Chester], Warden, Administrator, Officers, Agents, Employers, Medical Staff and

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

[4] To the extent Perez refers to the Federal Tort Claims Act, which provides a basis for claims against the United States for certain torts committed by federal employees, that Act does not provide a basis for a claim here.

all persons acting in concert or participation of prison function on date of 3/19/20 in whom hindered due process in their official capacities as well as their individual capacities." (*Id.* at 7.) Perez seeks damages, a declaration that his rights have been violated, and an injunction requiring SCI Chester to "upgrade treatment standards, to discipline all medical staff, [and] to impose methods of enhancement." (*Id.* at 10.)

## II.   STANDARD OF REVIEW

The Court grants Perez leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[5]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice. *Id.*  As Perez is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[5] However, as Perez is a prisoner, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

States are not considered "persons" for purposes of § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).  Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*, and the Commonwealth of Pennsylvania has not waived that immunity.  *See* 42 Pa. Cons. Stat. § 8521(b).  Since SCI Chester is a prison within Pennsylvania's Department of Corrections, it is entitled to Eleventh Amendment immunity and is not a "person" for purposes of § 1983.  *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (per curiam) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI–Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983.").  The Court will therefore dismiss Perez's claims against SCI Chester with prejudice.

Even construing Perez's Complaint as raising claims against the additional individuals named in the body — "Warden, Administrator, Officers, Agents, Employers, Medical Staff and all persons acting in concert or participation of prison function on date of 3/19/20 in whom hindered due process in their official capacities as well as their individual capacities" — Perez's claims fail.  (ECF No. 2 at 7.)  First, official capacity claims for retroactive relief against state officials are essentially claims against the Commonwealth.  *See Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020).  So, Perez's official capacity claims against officials of SCI Chester fail for the same reasons his claims against SCI Chester fail.

Second, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Indeed, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  Perez has not stated a claim against any individuals because he has not alleged any facts stating what they did or did not do to violate his constitutional rights.

Third, to state a claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).  Perez's Complaint does not state a claim because it lacks any specific allegations concerning what medical conditions he suffers from, what treatment he claims was required, and how any official at SCI Chester exhibited deliberate indifference to those needs.  Any negligence claims fail for the same reasons, *i.e.*, Perez has not specifically alleged what medical conditions

he had and what any officials at SCI Chester did or did not do from which a Court could conclude they were negligent in addressing or failing to address those conditions.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Perez's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  His claims against SCI Chester are dismissed with prejudice, but he will be given leave to file an amended complaint in the event he can state a claim against an appropriate defendant.  Perez's "Motion to Correct Data," which seeks relief not germane to this case, specifically, an order essentially directing the Pennsylvania Board of Probation and Parole to recalculate Perez's sentence, is denied without prejudice to Perez challenging the calculation of his sentence by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, after exhausting state remedies.  An Order follows providing further instruction as to amendment.

**BY THE COURT:**


**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**